IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG - 8 2019
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| TAYLOR ASHLEY EMMONS, § | |
| § | |
| Movant, § | |
| § | |
| VS. § | NO. 4:19-CV-492-A |
| § | (NO. 4:17-CR-158-A) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of movant, Taylor Ashley Emmons, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered the motion, its attachments, the government's response, the reply, and pertinent parts of the record in Case No. 4:17-CR-158-A, styled "United States of America v. Carly Jean Benningfield, et. al," the court has concluded that the motion should be denied.

I.

Background

On September 20, 2017, movant was named, along with others, in a one-count information charging her with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.¹ 75. On September 26,

---

¹The "CR Doc.___" reference is to the number of the item on the docket in the underlying
(continued...)

2017, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. CR Doc. 90. Movant and her attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 95. They also signed a waiver of indictment. CR Doc. 91. Under oath, movant stated that no one had made any promise or assurance of any kind to induce her to plead guilty. Further, movant stated her understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by her guilty plea; movant was satisfied with her counsel and had no complaints regarding her representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true and correct.

The probation officer prepared the PSR, which reflected that movant's base offense level was 24. CR Doc. 120, ¶ 19. Movant

---

¹(...continued)
criminal case, No. 4:17-CR-158-A.

received a two-level enhancement for possession of firearms, id. ¶ 20, and a two-level enhancement for maintaining a premises for distributing a controlled substance, id. ¶ 21. She received a two-level and a one-level adjustment for acceptance of responsibility. Id. ¶¶ 27-28. Based on a total offense level of 25 and a criminal history category of IV, movant's guideline imprisonment range was 84 to 105 months. Id. ¶ 86. The government filed objections to the PSR, CR Doc. 126, to which movant responded, CR Doc. 230. The probation officer prepared an addendum to the PSR, accepting the government's objections and recalculating movant's total offense level as 31 and her guideline range as 151 to 188 months. CR Doc. 144. Movant made a response to the addendum. CR Doc. 231. By order signed June 12, 2018, the court noted that the response did not appear to lodge objections to the addendum, but to the extent it might have been intended to include objections, the court tentatively concluded that such objections were without merit. CR Doc. 205.

On June 15, 2018, the court sentenced movant to a term of imprisonment of 188 months. CR Doc. 228. On June 19, 2018, movant filed a document titled "Defendant's Waiver of Filing Notice of Appeal." CR Doc. 237.

II.

## Grounds of the Motion

Movant urges four grounds in support of her motion, worded as follows:

> **GROUND ONE:** Defendant's attorney advised her that appealing in McBryde's court only results in more time.

Doc.[2] 1 at PageID[3] 4.

> **GROUND TWO:** Defendant's attorney failed to properly investigate causing errors in her presentence report

Id. at PageID 5.

> **GROUND THREE:** Defendant's attorney was [sic] ineffective assistance of counsel since he failed to object to or correct the jail time.

Id. at PageID 6.

> **GROUND FOUR:** Defendant's legal counsel was ineffective for failing to object to the enhancement for a drug-related premises.

Id. at PageID 8.

III.

## Standards of Review

A.  **28 U.S.C. § 2255**

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

[3] The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the typewritten page numbers are not the actual page numbers.

fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of

deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

In support of her first ground, movant says that she was intimidated "to the point that she signed the paper put in front of her" waiving her right to appeal. Doc. 1 at PageID 14. She does not allege that she instructed her attorney to appeal and that he failed to do so. A defendant who admits she told her attorney not to file a notice of appeal cannot complain that the attorney complied with her instructions. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). Rather, she argues that her attorney told her "that if she file [sic] an Appeal the court would likely give her more time." Id. Movant fails to explain how that could possibly be the case, since appeal comes after sentencing. In any event, her contention is wholly unsupported. She does not identify anyone who witnessed the conversation or who could testify as to the representations allegedly made. See United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). Moreover, she does not identify the grounds she would have raised or explain why they would have been meritorious. See Bridge v. Lynaugh, 838 F.2d 770, 773 (5th Cir. 1988)(movant cannot merely

7

allege a deficiency on the part of counsel but must affirmatively plead the resulting prejudice). In her reply movant adds that she wanted an appeal and refers to the right of an attorney to file an <u>Anders</u> brief, but she still does not say that she instructed her attorney to file a notice of appeal. Doc. 8 at PageID 57.

In support of her second ground, movant alleges that her attorney failed to investigate the "supposed" proffer of Shanda Hawkins ("Hawkins") against movant. Doc. 1 at PageID 15. She then goes on to discuss an attached letter dated May 2, 2019, allegedly signed by Hawkins in which she states that she never met movant "in the world" and there was never any drug transaction between them. <u>Id.</u> at PageID 18. Movant never explains what her attorney was supposed to have done that he failed to do. <u>See</u> <u>United States v. Green</u>, 882 F.2d 999, 1003 (5th Cir. 1989)(movant must allege with specificity what would have been revealed and how it would have affected the outcome of the case). Her conclusory allegations are insufficient. <u>Miller</u>, 200 F.3d at 282. As the government points out, Hawkins never said that movant obtained drugs directly from her. Doc. 6 at 7 ; CR Doc. 126 at 2, 24. Thus, the letter attached to the motion is not inconsistent with the drug quantity attributed to movant.

In her third ground, movant makes the conclusory allegation that her attorney was ineffective in not objecting to or

8

correcting her jail time credit. Doc. 1 at PageID 6. She fails to provide any facts to support her allegation. The court is not required to guess at the argument she intended to make. United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993). A complaint about time credits would more appropriately be brought in a proceeding under 28 U.S.C. § 2241 in any event.

In her fourth ground, movant says that her attorney was ineffective for failing to object to the drug-related premises enhancement. Doc. 1 at PageID 8. She argues that the enhancement cannot apply as a matter of law since her transaction was in a hotel parking lot. Id. As explained in the PSR, the enhancement was applied because movant utilized at least one motel room for possession and distribution of methamphetamine. CR Doc. 158, ¶ 21. Movant's modus operandi was to distribute drugs from motel rooms. Id. ¶ 5. On one occasion, movant fraudulently used her grandmother's Marriott rewards to rent the room. Id. ¶ 7. Any objection to the enhancement would have been frivolous. Counsel cannot have been ineffective for failing to raise such an issue. Turner v. Quarterman, 481 F.3d 292, 298 (5th Cir. 2007); Green v. Johnson, 160 F.3d 1029, 1037 (5th Cir. 1998).

## V.

## Order

The court ORDERS that the relief sought by movant be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED August 8, 2019.

_____
JOHN MCBRYDE
United States District Judge